# EXHIBIT D

# RIGHTS OF CUSTODY PER CIVIL CODE OF MORELOS, MEXICO

# FAMILY CODE OF THE FREE AND SOVEREIGN STATE OF MORELOS

## SECOND DECREE
## ON THE PARENTAL AUTHORITY
## ONLY CHAPTER
## ELEMENTS RELATED TO THE PERSON OF THE CHILDREN

ARTICLE 218.- CARE AND RESPECT TO THE ASCENDANTS. The descendants, whatever their state, age and condition, must provide care, honor and respect to their ascendants.

ARTICLE 219.- NON-EMANCIPATED MINORS SUBJECT TO PARENTAL AUTHORITY. Non-emancipated minors are under parental authority while there exists any of the ascendants who must exercise it according to the law.

ARTICLE 220.- PARENTAL AUTHORITY ASSETS AND LIABILITIES. Parental authority will be exercised on the person and the assets subject to this authority. Parental authority is exercised by the non-emancipated minor's, or the disabled adult's father or mother, and in the absence or impossibility of both; the maternal or paternal grandparents, where the judge must take into consideration the more favorable circumstances for the minor, as well as his/her opinion. This exercise contemplates integral protection of the incapacitated person's physical, moral, and social aspects and implies the responsibility of his/her custody and education.

ARTICLE 221.- CONTROVERSY AMONG THE OBLIGED. Should a controversy arise among the obliged, the children will be placed in the care of the person designated in common agreement by those holding the parental authority, where such person must be one of them and able to share custody. In the absence of such agreement, the family court judge will resolve what is appropriate, always having in consideration the minor's opinion.

ARTICLE 222.- CARE OF SEVEN YEAR-OLD MINORS. Seven year-old minors must remain in the care of the mother except in case of serious danger to the children's normal development. The fact of the mother's lack of economic means will not be an obstacle for the maternal preference.

ARTICLE 223.- CONTENT OF FINAL JUDGEMENT. The final judgement will set the children's situation, for which the family court judge will resolve everything related to the rights and obligations inherent of child custody, its loss, suspension, limitation or recovery, according to the case.

Efforts must be made for shared custody for both parents, with the children having the possibility of staying fully and unlimited with both parents, in the case that any ascendant has custody and the other doesn't, he/she may file for shared custody once the minors are seven years old, this in function of both their possibilities, as long as there is no danger to their normal development with any of the parents. The recovery of custody will proceed only in those cases where it was lost due to food issues, as long as he/she accredits that he/she has satisfied such obligation. The same applies in respect to the recovery of custody.

ARTICLE 224.- PROCUREMENT OF RESPECT TOWARDS PARENTS. Whoever has child custody must procure the minor's respect and constant contact with the other ascendant that also has custody. Therefore, each of the ascendants must avoid any kind of manipulation and parental alienation.

## SERVICIOS PROFESIONALES LÓPEZ RIVERA & ASOCIADOS

## CERTIFICATION

I, the undersigned, César Daniel González Ménez, Certified Translator No. 85, duly authorized by the Judiciary Council of the Superior Court of Justice of the State of Morelos in memorandum number CJE/SG/081-14 published in the Judicial Bulletin of August 18th, 2014, through this certification and through the attached instruments, translation and copy of the original instrument, certify and affirm that the annexed translation from Spanish into English, consisting of SEVEN (7) one-face page is true and correct to my faith and belief and carries my original seal, signature and letterhead.

Date of translation: May 3rd, 2016

César Daniel González Ménez
Certified Translator No. 85
Superior Court of Justice of the State of Morelos
Judiciary Council of the State of Morelos

LIC. MA. ISABEL RIVERA SOTO
PRIVADA DE PINO 9    FRACC. RANCHO CORTÉS    CUERNAVACA, MORELOS
Cuernavaca: (01 777) 357 12 43 / 145 22 03    Cel. 777 496 58 17

E-mail: lopez.riverayasociados@gmail.com

SENSITIVE BUT UNCLASSIFIED

aimed at producing the child's resentment and repudiation towards the other parent, under penalty of suspending his/her rights.

ARTICLE *225.- CHANGE OF CUSTODY. The judge of the family court may decree a change of custody of the minors previous to the respective procedure, when the person with the judicial decree of provisional or definite custody repeatedly prevents the minors from coexisting with the person or persons related by blood in a direct ascending line.

NOTES: CURRENT REFORM.- Reformed by the Only Article of Decree No. 1154, published in the Periodico Oficial "Tierra y Libertad" (Official Newspaper "Land and Liberty") No. 4665, dated Nov/12/2008. Used to say: CUSTODY CHANGE. The judge of the family court may decree a change of minor custody previous to the respective procedure, when the person with the judicial order of provisional or definite custody repeatedly prevents the minors from coexisting with the person or persons with a civil or direct line blood relationship.

ARTICLE 226.- EXERCISE OF JOINT OR SEPARATE CUSTODY. When both parents have recognized and admitted the child born out of wedlock and they live together, both of them will have joint custody. If they live separately, articles 210 and 211 of this Code will take into effect. When, for any reason, any of the parents stops exercising custody, the other one will do so; and, in the absence of both, the maternal or paternal grandparents will exercise it, having the judge taken into consideration the most favorable conditions for the minor, as well his/her opinion.[1]

ARTICLE 227.- PARENTAL RIGHTS UPON THE CHILD BORN OUT OF WEDLOCK. When both parents of the child born out of wedlock that lived together separate, they will continue having custody. In case they do not agree on this, the Judge will designate the parent that will have custody always taking into consideration the child's interest.

ARTICLE 228.- PROHIBITION OF THE SUBJECT TO CUSTODY TO ABANDON THE FAMILY ADDRESS. While under custody, the subject will not abandon the home of the persons holding parental rights without their permission or the competent judicial authority's permission.

ARTICLE 229.- INTERVENTION OF THE PUBLIC PROSECUTION'S OFFICE AND OTHER AUTHORITIES TO DEMAND COMPLIANCE OF PARENTAL AUTHORITY. When the Public Prosecutor's Office or the Local Guardianship Council, always having passed the matter to the first, become aware that the

---

[1] ARTICLE 210.- RECOGNITION AND ADMISSION IN THE SAME ACT RELATING TO CUSTODY. When the father and mother not living together recognize or admit the child in the same act, they will agree which of them will have custody, and in case they don't, the judge in the local Family Court, having heard the parents and the Public Prosecutor's Office, will resolve as he/she may believe is more convenient for the minor's interest.

ARTICLE 211.- SUCCESSIVE RECOGNITION AND ADMISSION OF PARENTS NOT LIVING TOGETHER. In the case that parents not living together recognize and admit successively, custody will be given to the first one in doing so, except when the parents agree to something different, and always when the Judge of the local Family Court does not consider it necessary to modify the agreement due to serious causes in the audience of the interested and the Public Prosecutor's Office.

person exercising parental authority is not satisfying the designated obligations assigned in this Chapter, they will inform the Family Court in order to designate a special tutor.

ARTICLE 230.- POWER TO MEASURED CORRECTION AND THE OBLIGATION OF GOOD CONDUCT. The person exercising parental authority or with children in his/her custody has the power to correct them measuredly and the obligation to observe a conduct that will give them a good example. Competent authorities will, when necessary, help these persons using warnings and correctives that will offer them sufficient support. The power to correct does not imply inflicting acts of force on the minor that will inflict physical or psychological harm in the terms of this Code's article 24, therefore corrections and urges made by the parents and tutors towards the good behavior and adequate coexisting among family members do not, in any way justify repeated use of physical or moral violence against the minors.[2]

ARTICLE 231.- INCAPACITY OF PERSON SUBJECT TO CUSTODY TO ASSUME LEGAL OBLIGATIONS AND TO APPEAR IN PERSON AT THE TRIAL. The person subject to custody cannot appear at the trial nor assume any legal obligations without the expressed consent of the person or persons holding that right. In the case of disagreement, the Judge will resolve.

ARTICLE 232.- REPRESENTATION AND ADMINISTRATION OF THOSE WITH CUSTODY. The persons exercising parental authority are the legitimate representatives of those subject to custody, and have the legal administration of their property.

ARTICLE 233.- JOINT ADMINISTRATION. When father and mother, or grandfather and grandmother have joint custody, the administration of the property will be assigned by mutual agreement; but the assigned person will consult everything with his/her spouse and will require expressed consent for the most important acts of administration. The administrator's omission in the provisions of this article will void the businesses carried out when these are detrimental to the subjects in custody, and when the administrator obtains any personal benefit.

ARTICLE 234.- JUDICIAL AUTHORIZATION OF THE PERSON EXERCISING PARENTAL AUTHORITY. The person exercising parental authority will also represent the persons subject to custody in the trial.

---

[2] ARTICLE *24.- ON FAMILY VIOLENCE. Family Violence is considered by the use of physical or moral force, as well the serious omissions of a family member against another family member that undermine his/her physical, sexual, psychological, emotional, patrimonial, or economical integrity, like acts of power or omission, intentionally directed towards dominating, subdue, control or attack both in the public as in the private domain regardless of whether it produces or not lesions, as long as the aggressor and the aggressed have a direct link in any of the hypothesis contained in this Code for the family relationship, marriage and concubinage and inhabit the same address.

NOTES: CURRENT REFORM.- Reformed by the Second Article of Decree No. 716, published in the Official Newspaper "Tierra y Libertad" (Land and Liberty) No. 4612, on May/14/2008. Used to say: ARTICLE 24.- ON FAMILY VIOLENCE. Family Violence considers the use of physical or moral force, as well as the serious omissions that a family member repeatedly has against another family member's physical, psychological, or both, aside from producing or not lesions, as long the aggressor and aggressed keep a direct link in any of the hypothesis contained in this Code for the family relationship, marriage and concubinage and inhabit the same address.

however he/she will not be able to make any arrangements to end it if it's not with his/her spouse's expressed consent, and judicial authorization when the Law expressly requires it.

ARTICLE 235.- KIND OF PROPERTY OF THE PERSON SUBJECT TO PARENTAL AUTHORITY. The goods of the person subject to parental authority, while he/she in this status, is classified into I.- Goods acquired by his/her work; and II.- Goods acquired by any other title. The goods in the first case belong in property, administration and usufruct to the person subject to parental authority.

ARTICLE 236.- WAIVER TO RIGHTS LEGALLY CONFERRED TO THE PERSON EXERCISING PARENTAL AUTHORITY. The person exercising parental authority may waive the rights conferred by the previous article. The waiver of usufruct in favor of the person subject to parental authority is considered a donation.

ARTICLE 237.- CAPITAL AND INTERESTS DUE IN FAVOR OF PERSON SUBJECT TO PARENTAL AUTHORITY. The capital and interests due before the parents, grandparents or adopting persons take possession of the goods of the property that corresponds to the person exercising parental authority, belong to him/her and in no case will they be enjoyed by the person exercising parental authority.

Article 238.- SUPPORT AND USUFRUCT OBLIGATIONS FOR THE PERSONS EXERCISING PARENTAL AUTHORITY. Usufruct of property awarded to the persons exercising parental authority carries the support obligations expressed in Chapter III of the Only Title of the Second Book, and also those imposed on the usufructuaries, with the exception of the obligation to provide guarantee, aside of the following cases: I.- When the persons exercising parental authority have been declared bankrupt or declared insolvent, II.- When they remarry; and III.- when they have made a noticeable ruined administration for the persons subject to parental authority.

Article 239.- EXTINCTION OF THE USUFRUCT OF THE PERSONS EXERCISING PARENTAL AUTHORITY. The right to usufruct awarded to the person exercising parental authority terminates:

I.- Upon the emancipation or the coming of age of the persons subject to custody or termination of the incapacity when they are older;

II.- Upon the loss of custody; and

III.- Upon resignation.

ARTICLE 240.- ADMINISTRATION BY THE SINGLE PERSON EXERCISING PARENTAL AUTHORITY. When the person exercising parental authority is not married and has the administration of the property, he/she will be considered in respect to such administration as emancipated with the restriction established by law to sell, mortgage or encumber real property.

Article 241.- PROHIBITION OF AVAILABILITY OF GOODS TO THE PERSONS EXERCISING PARENTAL AUTHORITY. The persons exercising parental authority may not sell nor encumber in any manner real property and movable goods of artistical value that correspond to the person subject to parental authority but for causes of absolute need or evident benefit and prior authorization of the competent judge. Nor will they make lease contracts for more than five years, nor will they receive advance rental payments for more than two years; sell trading, industrial or interest securities,

actions, fruits and livestock for lesser value than the value quoted on the selling date; do any donation of the assets belonging to the persons subject to parental authority or make voluntary remission of their rights, nor give guaranty in representation of the persons subject to parental authority.

Article 242.- JUDICIAL AUTHORIZATION FOR DISPOSAL OF PROPERTY TO THE PERSONS EXERCISING PARENTAL AUTHORITY. As long as the judge grants authorization to the persons exercising parental authority to sell real property, movable goods of artistical value or asset title belonging to the incapable person, he/she will request an appraisal of such property and will make immediate secure investments with the sold product on behalf of the incapable, and will prove it satisfactorily.

Article 243.- ACCOUNTABILITY OF ADMINISTRATION. The persons exercising parental authority are obligated to account for the administration of the property belonging to the person subject to parental authority.

Article 244.- OPOSITION OF INTERESTS AMONG PARTIES IN PARENTAL RIGHTS. In all the cases where the persons exercising parental authority have opposite interests from the persons subject to parental authority, the latter will be represented in trial and outside, by a tutor designated by the Judge in each case. Judges have the power to take necessary measures to prevent the custodial parents from mismanagement, waste, or decrease of property belonging to the persons subject to parental authority. These measures will be taken upon the request of the interested persons, of the minor when he/she has reached the age of fourteen, of the designated tutor of the incapable person of legal age or the Public Prosecutor's Office in all cases.

Article 245.- RETURN OF PROPERTY AND FRUIT UPON TERMINATION OF PARENTAL RIGHTS. The person exercising parental authority must deliver all property and fruits belonging to the persons subject to parental authority after they emancipate or become of legal age or at the end of their incapacity.

Article 246.- TERMINATION OF PARENTAL RIGHTS. Parental authority ends: I.- Upon death of the person exercising parental authority when there is no other person to exercise such authority; II.- Upon emancipation; III.- When the person subject to parental authority becomes of legal age; and IV.- Upon cessation of incapacity of the adult subject to parental authority.

Article *247.- LOSS OF PARENTAL AUTHORITY. Parental authority is lost due to any of the following causes: I.- When the person exercising parental authority has been sentenced in court to lose that right, or when he/she has been convicted two or more times of serious crimes; II.- In divorce cases, taking into account the provisions of article 439, of the Family Procedural Code; III.- When the person exercising parental authority does not exercise such authority for whatever reason, and does not follow the obligations corresponding to such authority compromising the health, security, or morality of the persons subject to parental authority, without prejudice to the applicable criminal penalties; and IV.- Due to exposure or abandonment of thirty continuous calendar days of the person subject to parental authority, performed by the person exercising parental authority by law; V.- Because thirty calendar days of abandonment are accumulated by the person exercising parental authority by law, even when it happened in discontinuous periods, whenever such periods are included in a ninety calendar days period. In the case of remarriage of the person exercising parental authority, this does not give the new spouse the right to exercise such authority upon the persons subject to parental authority.[3]

[3] ARTICLE *439.- OPERATIVE PARAGRAPHS OF THE DIVORCE DECREE ON THE SITUATION OF THE CHILDREN. The divorce decree will set the situation of the children in accordance to the following rules: I.- In the cases included in fractions XI, XIII, XIV, XVI,XVII and XX of Article 175 in the Family Code, the judge shall decree, with previous studies that deem it necessary, which parent shall take care of the minor children in their best interest. Both spouses will keep exercising the parental authority. In the case of fraction XIV due committing a crime that affects the children's physical and moral integrity, hypothesis in which endure he parental rights of the spouse that petitioned the divorce, the judge will resolve to his/her discretion given the circumstances of the form and terms of care and custody of the minor children. II.- When the cause for divorce is included in fractions I, III, IV, V, VIII, X, XII and XV of article 175 in the Family Code, the children will stay in the care of the spouse that did not cause the divorce, but upon his/her death, the other parent will recover it in the cases of fraction I of said article; if both spouses caused the divorce, their exercise of parental rights will be suspended; but upon the death of one of them, the other will recover it, except in the cases mentioned in fractions III, IV, V and XXI in article 175 of the Family Code where they shall not exercise it again, Meanwhile, the children shall stay under the parental authority of the ascendant or descendant determined by the judge, and if there is no person to do so, he/she shall designate a tutor. In the cases of fractions VII and XV OF THE Article 175 of the Family Code, the spouse deprived of exercising parental authority may recover it if the judge considers that it is in the interest of the minors, deciding on their care and custody. If the cause of divorce is within fractions VII and XV of article 175 of the Family Code, the spouse that was deprived of the parental authority may recover it if he/she proves before the judge that he/she is rehabilitated previous the respective pronouncement. III.- In the case of fraction II of Article 175 of the Family code, the minor will stay with the mother. IV.- Abolished. NOTES. CURRENT REFORM.- Reformed fractions I, II, III, and abolished fraction IV for article four of Decree No. 357, published in the Periódico Oficial "Tierra y Libertad"(Official Newspaper "Land and Liberty") NO. 4549 of 2007/Aug/15. In effect: 2007/Aug/16. Used to say: I- The children shall stay in custody of the spouse that did not cause the divorce, but upon his/her death, the other parent may recover custody of the minors; II.- when the divorce results in the separation of the spouses, the children will stay in the custody of the woman spouse if they are under seven years old, and if they were of age, they shall stay with the same spouse with whom they have lived during the separation. III.- If both spouses caused the divorce, the judge may assign the care to the spouse he/she considers is incapable of harming the minor, and if there was no such spouse, the judge may suspend both from exercising custody, designating a tutor; IV. When the cause of divorce is in fractions IV and XXI of article 175 of the Family Code for the state of Morelos, the guilty spouse will lose parental authority of the minor.

NOTES; CURRENT REFORM.- Reformed fraction IV of the First Article and added to fraction V for the Second Article of Decree No. 355 published in the Periódico Oficial "Tierra y Libertad"(Official Newspaper "Land and Liberty") No. 4798 dated 2010/April/21. Used to day: IV.- Due to the exposure or abandonment up to three months of the person subject to parental authority, by the person exercising the parental authority.

Article 248.- CONTINUITY OF PARENTAL AUTHORITY. The mother or grandmother that remarries does not, due to this, lose her parental rights. The new husband shall not exercise the parental authority of the children of the previous marriage.

Article 249.- SUSPENSION OF EXERCISE OF PARENTAL AUTHORITY. The exercise of parental authority is suspended: I.- In the case of a judicial declaration of incapacity; II.- Due to a declared absence; III.- When a condemnatory sentence imposes this suspension as sentence; IV.- In divorce cases, taking into consideration the provisions of article 439 of the Family Procedural Code; and V.- When the person with parental authority commits domestic violence as expressed in article 24 of this Code, against the persons under parental authority.

VI.- When there exists the possibility of risking the health, emotional state or ever the life of the minor descendants in the hands of the person that has legal custody or is a relative by blood of affinity up to the forth degree. VI.- For preventing the execution of the coexistence decreed by the competent authority or an approved court agreement.

Article 250.- IRREVOCABILITY OF PARENTAL AUTHORITY. Parental authority will not be renounced but the holder may excuse him/herself when he/she cannot perform it due to his/her old age or poor health. However, the Judge of the Family Court may take away or modify such authority when there are enough reasons that determine better conditions to the persons subject to the parental authority.

Article 251.- PARENTAL AUTHORITY OF THE CHILD OF AN INCAPACITATED PERSON. The minor children of an incapacitated person shall be in the parental authority of the corresponding capable person according to the law, and in the absence of such, a tutor will be designated.

SENSITIVE BUT UNCLASSIFIED